RECEIVED & FILED

'01 OCT -9 PM 12: 46

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:
RIO PIEDRAS EXPLOSION LITIGATION          CIVIL 96-2443CCC

**ORDER**

The Plaintiffs' Steering Committee and Defendants Enron Corp., San Juan Gas Company, Inc., Enron Liquid Services Corp., Enron Engineering and Construction Company, Inc., Enron Americas, Inc., and Enron Operations Corp. have filed a Joint Motion (**docket entry 3070**) requesting, in synthesis, that the Court authorize them to eliminate the evidence depository and to dispose of all of the evidence that is being kept in that facility, including the section of the beam saved at the facilities of Foundation Engineering, Inc. According to the moving parties, those pieces of evidence were collected during the National Transportation Safety Board's administrative investigation and during the various site inspections that were subsequently conducted by the parties. The parties contend that it is no longer necessary to preserve the evidence. The moving parties wish to dispose of the evidence and to divest from the monthly costs and expenses that the maintenance of the depository entails.

The Court FINDS that the depository is no longer needed and that the pieces of evidence warehoused therein are no longer relevant to these consolidated actions. The Court also FINDS that the expenses associated with the depository are no longer reasonable or appropriate and that the moving parties may not be further burdened with such expenses. The Court further FINDS that the destruction and disposition of the pieces of evidence stored at the depository will not prejudice any of the litigants in these consolidated actions.

Therefore, the Court GRANTS the Joint Motion (**docket entry 3070**) and ORDERS that the depository be eliminated and that the evidence warehoused therein, including the beam at Foundation Engineering, be destroyed and discarded.

Prior to disposition of the evidence, all of the parties to these consolidated actions are GRANTED a term of twenty (20) days after notice to articulate any objections that they might have

(115)
Qutake Clerk

(3311)

CIVIL 96-2443CCC                                      2

regarding the disposition of the evidence depository and comply fully with the requirements set forth in the following paragraph and this Order. If the twenty (20) days term elapses and no objections are received, the moving parties may go forward with the closing of the depository and the disposition of the evidence without any further action from the Court.

Should any of the parties wish to preserve any or all of the pieces of evidence in question, each party must specifically identify the piece(s) and file with the Court a plan for its/their continued preservation that must designate a location in which the piece(s) shall be stored and disclose the manner in which the costs of the new location will be defrayed insofar as the moving parties will be released from their current obligations to oversee and pay for the depository. Failure to submit the required plan will result in the disposition of the evidence.

In the event that any party were to satisfy the requirements of the preceding paragraph, the transfer of the piece(s) of evidence must be effected within fifteen(15) days of the submission of a plan as required in the preceding paragraph. The party seeking to preserve the evidence will pay for the costs of its transfer to the new location. If the transfer is not effected within the allotted fifteen (15) days term, the moving parties will be free to dispose of the evidence in whatever manner they deem fit.

The Clerk shall notify this Order to all of the parties to these consolidated actions along with copy of the Joint Motion filed by the Plaintiffs' Steering Committee and the Enron defendants. A copy of this Order shall also be notified by publication in a newspaper of general circulation within the term of ten (10) days after its issuance. San Juan Gas Company, Inc. will bear the cost of said publication.

SO ORDERED.
At San Juan, Puerto Rico, on September 28th, 2001.

CARMEN CONSUELO CEREZO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § | CIVIL 96-2443 (CCC) |
| | § | |
| RIO PIEDRAS EXPLOSION LITIGATION | § | THIS DOCUMENT RELATES |
| | § | TO ALL CASES |

## JOINT MOTION REQUESTING DISPOSITION OF
## THE EVIDENCE DEPOSITORY

TO THE HONORABLE COURT:

COME NOW San Juan Gas Company, Inc., Enron Corp., the San Juan Gas Affiliates (hereinafter collectively the "San Juan Gas Defendants"), and the Plaintiffs' Steering Committee through their respective undersigned counsel and respectfully state and pray:

1. Pursuant to a series of Orders entered by the Superior Court of Puerto Rico in the parallel litigation carried on in that other forum, many of the parties to these consolidated actions collected a myriad of samples of the debris caused by the explosion subject of this litigation and of the different structural elements of the Humberto Vidal Building. To properly account for and preserve those "unique" pieces of evidence, the parties agreed to rent a private warehouse, which has since been known as the "joint depository". The parties have been sharing the expenses of the joint depository.

2. At present, the "joint depository" still holds all of the "unique" pieces of evidence that were collected by the different parties during the several site inspections conducted. The "joint depository" also holds all of the pieces of evidence that were returned by the NTSB after it concluded its administrative investigation of the explosion.[1]

---

1 This request also includes a large piece of beam that, because of its size, did not fit in the depository and has been stored at the premises of the PSC's consulting engineers, Foundation Engineering, Inc., where it remains at present.

3. Now that the liability phase of this litigation has concluded, the appearing parties believe that there is no further need for the joint depository or to continue saving the pieces of evidence warehoused therein. The appearing parties understand that those pieces of evidence have no bearing whatsoever to the damages phase of this litigation and may be properly discarded without affecting any of the parties' rights in this phase of the litigation. On the other hand, the disposition of the "joint depository" would save the parties an expense that does not serve any useful purpose any longer.

4. However, since the "joint depository" was set up and maintained under the aegis of this and the Superior Court and for the benefit of all the parties to this action, the appearing parties propose that the depository and the evidence being held therein be disposed of after notice to all the parties and an opportunity to be heard on the subject. To instrument such a procedure, the appearing parties are tendering a draft of a proposed Order, to which they have agreed, and which, in their view, properly protects everyone while it guarantees that all those concerned may continue to preserve those pieces of evidence in the event that they deem it relevant and useful to this phase of the litigation.

WHEREFORE, the appearing parties request that the Court enter the proposed Order regarding the disposition of the joint evidence depository.

Respectfully submitted, in San Juan, Puerto Rico, on this 30th day of April, 2001.

| | |
|---|---|
| **RIVERA, TULLA & FERRER** | **ORTIZ TORO & ORTIZ BRUNET** |
| 50 Quisqueya Street | 122 Rodrigo de Triana St. |
| San Juan, Puerto Rico 00917 | San Juan, Puerto Rico 00919 |
| Telephone: (787) 753-0438 | Telephone: (787) 754-7698 |
| Facsimile: (787) 766-0409 | Facsimile: (787) 766-1595 |
| _____ | _____ |
| Eric A. Tulla | Jorge Ortiz Brunet |
| USDC No. 118314 | USDC No. |