UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:
RIO PIEDRAS EXPLOSION LITIGATION

---

ROLANDO SOSA, NIEVES CARRERA and
the conjugal society between
them; and MUNDO DE LAS TELAS,
a/k/a/ MUNDO FASHION,

    Plaintiffs,

  -against-

ENRON CORP., et al.,

    Defendants.

**MEMORANDUM DECISION
AND ORDER**

Consolidated Civil Action
No. 96-2443 (CCC)

Civil Action No. 97-2596
(CCC)

---

  Defendants move for summary judgment dismissing the claims of plaintiff El Mundo de las Telas, Inc. (also known as Mundo Fashion) ("El Mundo") in this diversity action for lack of subject matter jurisdiction. Defendants contend that the claims of El Mundo do not satisfy the $75,000 jurisdictional amount requirement. In response, plaintiffs invoke supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court, however, does not have supplemental jurisdiction because the claims of El Mundo and the claims of Rolando Sosa and Nieves Carrera are not "so related" that "they form part of the same case or controversy under Article III of the United States Constitution." For the reasons hereinafter stated, defendants' motion is granted and the claims of

El Mundo are dismissed.

## BACKGROUND

On November 21, 1996, an explosion occurred in the Humberto Vidal Building located at 100 Jose de Diego Avenue in Rio Piedras, Puerto Rico. Rolando Sosa and his wife, Nieves Carrera, were the owners of El Mundo, a women's clothing store, located at 162 Jose de Diego Avenue, three blocks east of the Humberto Vidal Building.

Businesses in the area were adversely affected following the explosion. El Mundo was dissolved in 1999. Plaintiffs estimate that El Mundo lost $14,682 as a result of the explosion. Rolando Sosa and Nieves Carrera seek recovery for emotional damages which each allegedly sustained.[1]

## DISCUSSION

Congress enacted 28 U.S.C. § 1367 as part of the Judicial Improvements Act of 1990. Section 1367(a) provides that "district

---

[1] Defendants have recently moved for summary judgment dismissing the claims of Rolando Sosa and Nieves Carrera for failure to state a claim or, in the alternative, for lack of subject matter jurisdiction. This motion has not yet been fully submitted.

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The section further states that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Moreover, § 1367(b) specifically addresses diversity litigation and provides, "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction" in defined circumstances, none of which apply to the instant case.

As the parties have noted, in actions in which at least one plaintiff has a claim giving federal court jurisdiction, the circuit courts have split over the issue of whether § 1367 authorizes supplemental jurisdiction over other claims which do not meet the jurisdictional minimum. Compare Stromberg Metal Works v. Press Mechanical, Inc., 77 F.3d 928, 930-32 (7th Cir. 1996) (holding that § 1367 allows a court to hear a claim by a plaintiff whose loss does not meet the jurisdictional minimum, so long as the court has original jurisdiction over the other plaintiff), Rosmer v. Pfizer, 263 F.3d 110, 114 (4th Cir. 2001) (stating that § 1367 authorizes supplemental jurisdiction in diversity class actions),

3

and <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 938-39 (9th Cir. 2001), with <u>Meritcare, Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 222-23 (3d Cir. 1999) (stating that § 1367 does not confer supplemental jurisdiction over claims that do not satisfy the amount in controversy requirements), <u>Trimble v. Asarco, Inc.</u>, 232 F.3d 946, 962 (8th Cir. 2000) (requiring each plaintiff in a class action diversity case to meet the jurisdictional minimum), and <u>Leonhardt v. Western Sugar Co.</u>, 160 F.3d 631, 640 (10th Cir. 1998).[2]

The First Circuit has not yet resolved this issue. <u>See, e.g.</u>, <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 7 n.5 (1st Cir. 2001). It is not necessary, however, to resolve the issue in the case at bar since the claims of El Mundo fail to satisfy the requirement that they be "so related to claims in the action within [the] original jurisdiction that they form part of the same case or controversy."

In determining whether the supplemental claims are "so related" to the claims within the original jurisdiction of the federal courts, the Supreme Court in <u>United Mine Workers of America</u>

---

[2]Courts have analyzed, among other factors, the text of § 1367(a) and (b), as well as the statute's legislative history in making their various determinations.

v. Gibbs, 383 U.S. 715, 725 (1966) applied the "common nucleus of operative fact" test. The Court held that pendent jurisdiction existed when the federal and state claims derived from a common nucleus of operative fact. Id. According to the Supreme Court, federal courts have the power to hear both the federal and state claims if the claims are such that they would "ordinarily be expected to try them all in one judicial proceeding." Id. Although federal jurisdiction in Gibbs was based upon the presence of a question of federal law, the Court in Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 371 n.10 (1978) has accepted the assumption that the Gibbs test also applies to jurisdiction based upon diversity of citizenship.³ See also Stromberg Metal Works v. Press Mechanical, Inc., 77 F.3d 928, 932 (7th Cir. 1996) (stating that § 1367 authorizes supplemental jurisdiction where the additional plaintiff has a *closely related claim* against the defendants who are already in the federal forum") (emphasis added).

Courts in this circuit have considered various factors in

---

³Despite the fact that the Court's assumption in Owen Equipment was based upon diversity of citizenship, the Court's reasoning can also be extended to jurisdictional amount. It can be inferred that if federal courts would impose the stricter standard of the "common nucleus of operative fact" to actions involving a federal question and diversity of citizenship, then the same standard would apply to claims involving jurisdictional amount.

5

determining whether a common nucleus of operative fact exists. These factors include: whether the "facts and witnesses as to the two sets of claims are essentially different [or common]," Andres Serrano-Moran v. Grau-Gaztambide, 195 F.3d 68, 69 (1st Cir. 1999); whether the claims "overlap in theory or chronology," Futura Dev't of P.R. v. Estado Libre Asociado de P.R., 144 F.3d 7, 13 (1st Cir. 1998); and whether the claims "turn on the same aggregate of operative facts," Penobscot Indian Nation v. Key Bank of Maine, 112 F.3d 538, 564 (1st Cir. 1997). See also Schroeder v. Bertolo, 879 F. Supp. 173, 179 (D.P.R. 1995) (stating that whether or not the claims are "so related" depends on whether or not the facts are the same); Caranci v. Blue Cross & Blue Shield of R.I., 194 F.R.D. 27, 37 (D.R.I. 2000) (dismissing the supplemental claim because there were "virtually no overlapping facts between [the] claims except for the fact that they [were] made against the same defendant").

In the instant case, the claims of El Mundo and the claims of Rolando Sosa and Nieves Carrera do not share a common nucleus of operative fact. As stated by the parties, the issue of responsibility for the explosion in the Humberto Vidal Building has already been stipulated. The only remaining issues to be resolved at trial relate to proximate cause and the damages which each plaintiff may recover. In this regard, the damages that El Mundo

6

seeks are distinct from the damages sought by Rolando Sosa and Nieves Carrera. El Mundo demands recovery for economic damages. Thus, the proof that will be presented at trial in support of its claims will bear upon the business' monetary losses, such as loss of income, extraordinary expenditures, and loss of good will. Rolando Sosa and Nieves Carrera, on the other hand, seek recovery for their emotional damages and will rely on different operative facts. Therefore, the evidence concerning the psychological and mental injuries of Rolando Sosa and Nieves Carrera will be separate and distinct from the evidence relating to the economic damage claims of El Mundo.

## CONCLUSION

Since the claims do not share a common nucleus of operative fact, defendants' motion for summary judgment is granted and El Mundo's claims are dismissed for lack of subject matter jurisdiction.

It is so ordered.

Dated:    San Juan, Puerto Rico
          October 26, 2001

_____
U. S. C. J.

7