UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:
RIO PIEDRAS EXPLOSION LITIGATION

---

AIDA SERPA, HER HUSBAND BENIGNO
BORRERO AND THEIR CONJUGAL
PARTNERSHIP; RAMONA ACOSTA-
MEJIAS; HECTOR PAULINO-GOMEZ;
MILAGROS RAMIREZ MOJICA;
GENOVEVA MORALES; EVELYN
FIGUEROA; MARIA REYES; HERMINIA
REYES; JOSE VARGAS-VAZQUEZ;
RAFAEL RAMIREZ VALDES; JOSE ROSA
CHAVES, HIS WIFE NEREIDA RIVERA
SANCHEZ AND THEIR CONJUGAL
PARTNERSHIP,

         Plaintiffs,

         -against-

ENRON CORPORATION, et al.

         Defendants.

**MEMORANDUM DECISION AND ORDER**

Consolidated Civil Action
No. 96-2443 (CCC)

Civil Action No. 97-2660 (CCC)

---

Defendants Enron Corporation, Enron Liquid Services Corporation, Enron Engineering & Construction Company, Enron Americas, Inc., Enron Operations Corporation, and Enron America Energy Services, Inc., ("Defendants") move to dismiss the claim of plaintiff Ramona Acosta-Mejias ("Plaintiff") for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and failure to complete discovery and comply with the Court's orders. For the reasons hereinafter stated, Defendants' motion is granted and Plaintiff's claim is dismissed.

## BACKGROUND

Plaintiff's claim arises out of an explosion that occurred at the Humberto Vidal Building in Rio Piedras, San Juan, Puerto Rico, on November 21, 1996. The explosion and subsequent partial collapse of the building killed thirty-three people, injured many others, and caused property damage in the area.

At the time of the explosion, Plaintiff, then aged sixty-three, was at her home several blocks from the Humberto Vidal Building. Plaintiff alleges that when she heard the explosion, she thought someone had thrown a bomb at her house and became terrified. Fearing that glass from her house would fall on her, she went out onto the street in a hysterical and confused state and ran without direction until she was found by her son, who had come to the area after hearing news of the explosion. Although Plaintiff wanted to view the scene of the explosion, her son persuaded her to return home. Five days later, Plaintiff sought psychiatric treatment from Dr. Manuel Colon Vargas for the constant anxiety and fear she allegedly suffered after the explosion. She continued this treatment for approximately two years, visiting Dr. Colon Vargas a total of forty-two times between November 26, 1996 and December 19, 1998.

Plaintiff filed this action together with eleven other individual claimants on November 17, 1997. The complaint alleges that Plaintiff's constant fear was so debilitating that she was

unable to work after the explosion or to care for her disabled husband or her home. For her emotional suffering, Plaintiff seeks damages in the amount of $100,000.

On June 15, 2000, Defendants served written interrogatories on Plaintiff pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiff did not respond or object within the thirty-day time frame provided by the rule. See Fed. R. Civ. P. 33(b)(3). In a letter dated August 11, 2000, Defendants requested responses to their discovery requests. No responses or objections were forthcoming. Defendants again requested responses to the outstanding interrogatories on March 1, 2001. On March 11, 2001, almost nine months after the interrogatories were served, Defendants received incomplete answers that were handwritten in Spanish and signed, not by Plaintiff as required by Rule 33(b)(2), but by her daughter. The responses consisted primarily of objections on the grounds of relevancy and unsupported assertions that certain questions were "not applicable." Defendants moved to compel adequate answers on April 27, 2001.

At an April 30, 2001 hearing on the motion to compel, the Court ordered Plaintiff to respond adequately to Defendants' discovery requests by May 8, 2001. Plaintiff failed to comply with the Court's order, and on May 15, 2001, Plaintiff's attorney informed the Court that Plaintiff had died. The motion submitted to the Court indicated that Plaintiff's attorney had been made

3

aware of Plaintiff's death by a letter from her daughter dated April 20, 2001. Defendants filed the instant motion to dismiss Plaintiff's claim on August 15, 2001.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may order the involuntary dismissal of any claim or action for failure of the plaintiff to prosecute or to comply with the Federal Rules or any order of court. Because dismissal with prejudice under Rule 41 is "a harsh sanction," Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), it is to be granted only when a plaintiff's misconduct has been extreme and only if no lesser sanction would suffice. Enlace Mercantil Int'l v. Senior Industries, Inc., 848 F.2d 315, 317 (1st Cir. 1988). In determining whether a plaintiff's conduct has been extreme, a court is to consider all aggravating circumstances, including length of inaction, disobedience of court orders, ignorance of warnings, disrespect for the court's authority, prejudice to the defendant, obvious weaknesses in the plaintiff's case, and wasteful expenditure of the court's time. Enlace at 317 (citations omitted).

Here, considering all of the facts and circumstances together, the Court finds that Plaintiff's misconduct has been extreme. By refusing to appropriately respond to Defendants' interrogatories for over a year, Plaintiff blatantly disregarded the discovery procedures set forth in the Federal Rules.

4

Plaintiff's counsel exacerbated the situation by failing to comply with the Court's order to adequately answer the discovery requests by May 8, 2001, and by waiting a week beyond that date to advise the Court of Plaintiff's death. Furthermore, Plaintiff's attorney deliberately deceived the Court by representing that Plaintiff would adequately respond to Defendants' discovery requests by May 8, 2001, when he was aware at the time he made the representation that Plaintiff was dead. Plaintiff's counsel has never offered an explanation for his conduct, and his opposition to the instant motion failed to address Defendants' argument that such conduct warrants a dismissal. Taken together, Plaintiff's actions amount to extreme misconduct.

In addition, a dismissal is the only appropriate sanction under the circumstances. The damage caused by Plaintiff's inaction cannot be remedied: Plaintiff cannot answer interrogatories, be deposed, or be subjected to an independent examination by Defendants' expert. In sum, Defendants are left without any effective way to refute the allegations of the complaint and the testimony of Plaintiff's treating doctor. Because Defendants have been unfairly and irreparably prejudiced, dismissal is warranted. Plaintiff's claim is therefore dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

It is so ordered.

Dated:   San Juan, Puerto Rico
         October 26, 2001

_____
Robert J. Ward
U. S. D. J.