# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------§
                                     §
IN RE RIO PIEDRAS EXPLOSION LITIGATION § Civil No. 96-2443 (RJW)
                                     §
                                     §
                                     §
                                     §
                                     §
-------------------------------------§
```

**ORDER**

By Order and Judgment dated December 3, 2002, to which no objections were received, all claims pending before the Court in the captioned consolidated action were resolved by private settlements and a Global Settlement to be paid by the Enron defendants and dismissed with prejudice. The private settlements and the Global Settlement were funded by deposits in Escrow Account Numbers 80-0072-00 and 80-0072-06 at Banco Santander and a timetable was established for providing the Enron defendants with releases and related documents including judicial authorizations in the cases involving infant plaintiffs and plaintiffs who are incompetent, as well as certificates of heirship in the cases of plaintiffs who are deceased. In the event of non-compliance by any plaintiff, the Order and Judgment provided that the settlement amount of that plaintiff would be forfeited.



3677

By Order dated February 6, 2003, the Court directed that on or before February 14, 2003 Banco Santander deposit the balances remaining in Escrow Account Numbers 80-0072-00 and 80-0072-06, including all sums payable to Nelson Rochet Santoro, in the escrow account of this Court (the "Court Account"). Following receipt of the Order, Banco Santander ceased processing releases and related documents in preparation for depositing such balances into the Court Account.  All but a few plaintiffs have now complied with the Order; others have abandoned their entitlement to participate in the settlements.  To identify those plaintiffs who have abandoned their settlements and to provide the non-compliant plaintiffs one final chance to avoid forfeiting their settlements and to provide for the orderly termination of this Litigation; it is hereby

**ORDERED** that Dorca E. de Jesús, José Cordera, Jr., Aldo González Alvarez, Juan Morales, Pedro D. Fernández López, Carmen J. Negrón, and Víctor F. Colón Mercedes have abandoned their claims and forfeited their settlement amounts; and the Global Settlement allocation for Dorca E. de Jesús ($233.61) shall be distributed pursuant to further order of the Court; and the private settlement amounts deposited by the Enron defendants for Juan Morales ($10,000.00), Pedro D. Fernández López ($2,000.00), and Carmen J. Negrón ($2,000.00) shall be returned

2

by Banco Santander to the Enron defendants, without costs or interest; the remaining plaintiffs named above have not been allocated any portion of the Global Settlement or their private settlement has not yet been deposited; and it is further

**ORDERED** that properly executed original releases and supporting documents (such as judicial authorizations, declarations of heirship, and powers of attorney) for Manuel Reyes Ramírez, Katiria Reyes Santos, Grisselle Santos Sierra, María B. Calderón, Carmen Hernández del Valle, Antonio Sadiel Seda Cartagena, Almacenes La Riviera, Inc., Inmobiliaria J.P. Cordera, Puerto Rico Parking System, Ramona Acosta Mejías, Elizabeth Romero Pacheco, Humberto David Rivera, María Migdalia David Rivera, and Linda Elena Méndez Ponce shall be delivered to counsel for the Enron defendants on or before February 25, 2003; in the event of non-compliance, the Global Settlement allocation for these plaintiffs shall be deemed forfeited and their agreed settlement amounts shall be distributed pursuant to further order of the Court; and it is further

**ORDERED** that properly executed original releases and supporting documents (such as judicial authorizations, declarations of heirship, and powers of attorney) for Plácido González Rivera, Arcadio Jiménez Arocho, Rolando Alberto Díaz Peralta, Olga Ramírez and Enrique Reyna shall be delivered to

counsel for the Enron defendants on or before February 25, 2003; in the event of non-compliance, their private settlement amounts shall be deemed forfeited and any settlement amounts deposited by the Enron defendants for such plaintiffs shall be returned by Banco Santander to the Enron defendants, without costs or interest; and it is further

**ORDERED** that the restraint and injunction imposed by the Order dated December 20, 2002 having been vacated by the Order dated February 6, 2003, Banco Santander is directed to take the following actions concerning Escrow Account Numbers 80-0072-00 and 80-0072-06 for each plaintiff in Civil Numbers 97-2668 (RJW) and 97-2669 (RJW) who has not previously been paid and who has furnished to defendant Enron the required executed releases and related supporting documents:

1. distribute the net settlement amount by mail to the address set forth in the release;
2. deposit the Plaintiffs' Steering Committee ("PSC") portion of the attorneys' fees in the PSC fee account;
3. deposit the PSC costs in the PSC cost account;
4. deposit any sums payable to attorney Nelson Rochet Santoro as either fees or costs, without any deduction for taxes, in the Court Account at Banco Santander which shall be administered pursuant to further order

4

of the Court;

and it is further

**ORDERED** that the Enron defendants shall notify Banco Santander and the Court on or before March 5, 2003, which of the above named plaintiffs have met the February 25, 2003 deadline and which of the above named plaintiffs have not met the deadline; and it is further

**ORDERED** that on or before April 1, 2003, Banco Santander shall effect the return of funds to the Enron defendants as directed in the first and third decretal paragraphs of this Order, and shall submit to the Court an accounting of all funds then remaining in Escrow Account Numbers 80-0072-00 and 80-0072-06, the PSC fee account, the PSC cost account, and the Court Account, all as described in the fourth decretal paragraph of this Order; and it is further

**ORDERED** that the Court reaffirms the dismissal with prejudice and without costs of each and every claim pending before the Court in the Order and Judgment dated December 3, 2002, and the referral to Magistrate Judge Aida Delgado Colon in the Order dated February 6, 2003, and this Court shall retain jurisdiction to determine the disposition of any undistributed balances in the five (5) aforementioned escrow accounts; and it is further

**ORDERED** that to the extent any provision of this Order is inconsistent with the Order and Judgment dated December 3, 2002, the Orders dated December 20, 2002, January 14, 2003, February 5, 2003, February 6, 2003, and February 10, 2003, this Order shall be deemed to supersede those prior Orders.

At San Juan, Puerto Rico on February 13, 2003.

_____
ROBERT J. WARD
United States District Judge

6