## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

### RIO PIEDRAS EXPLOSION
### LITIGATION

**Consolidated Case**
**Civil No. 96-2443(RJW)**

### ORDER

Attorneys Charles Cheek and Raúl Dávila-Rivera, counsel for Enron Corp. have

alerted the Court as to the pendency of certain matters. In an attempt to enable the

disbursement and payment of amounts awarded to several plaintiffs, it is **ORDERED** as follows:

1. RAMONA ACOSTA-MEJIAS (deceased), plaintiff in Civil Case No. 97-2668.

Payment of settlement amounts are contingent to the submission of a Declaration of Heirship.

The record reflects that Attorney Nelson Rochet-Santoro is the attorney of record.

**Accordingly, Attorney Nelson Rochet-Santoro and/or the heirs of Mrs. Ramona**

**Acosta-Mejías are instructed to submit within the next twenty (20) working days (due:**

**June 14, 2004) a Declaration of Heirship or evidence that such Declaration has been**

**requested from the local courts.**

2. ROLANDO ALBERTO DIAZ-PERALTA, a minor. Plaintiff has been awarded

$11,200.00 in settlement. However, disbursement of funds is contingent to the submission of

a Resolution from the Puerto Rico Courts in Case KDP-97-2237 regarding Judicial

Authorization of Minor Settlement Claim. Attorney Rochet-Santoro is the attorney of record.

**Accordingly, Attorney Rochet-Santoro and/or the guardians/custodians of minor**

**Rolando Alberto Díaz-Peralta are instructed to file with this Court any state court Order**

or Resolution regarding Judicial Authorization.  This information is to be provided
within the next twenty (20) working days which is due on June 11, 2004.

3.  <u>PEDRO FERNANDEZ-LOPEZ</u>.  The record reflects he is or was also represented
by Attorney Rochet-Santoro.  Though it was considered he had abandoned his claim, at the
evidentiary hearings held regarding Attorney Rochet-Santoro's conduct, it was determined he
is in active military duty assigned to a military base in North Korea.

Therefore, by December 2002, Enron Corp. was instructed, through counsel, to send
by mail the Settlement and Release Documents.  The address of plaintiff Pedro-Fernández
López was provided to Enron Corp.

**Accordingly, Enron Corp. is instructed to inform on the outcome of the tasks
assigned by this Magistrate-Judge.**

**Copy of this Order is to be served upon Mrs. María Luisa López, plaintiff's mother.
Mrs. María Luisa López is placed on notice that the $2,000.00 awarded to her son may
not be disbursed until Mr. Fernández-López files with the Court copy of the Settlement
and Release Document.**

4.  <u>ARCADIO JIMENEZ-AROCHO</u> (deceased), plaintiff in Civil No. 97-2669.  The
attorney of record is counsel Nelson Rochet-Santoro.  Plaintiff has been awarded the sum of
$14,500.00.  Nonetheless, payment cannot be issued until a Declaration of Heirship is filed.

**Accordingly, Attorney Nelson Rochet-Santoro and/or the relatives of plaintiff
Arcadio Jiménez-Arocho are instructed to submit, within the next twenty (20) working
days, the Declaration of Heirship and/or evidence that such Declaration is being sought
from the Puerto Rico state courts.**

**The Clerk of Court is to serve copy of this Order to plaintiff's last known addresses and/or address or record.**

5. <u>CARMEN J. NEGRON-FERNANDEZ</u>, plaintiff in Civil No. 97-2669. Plaintiff Negrón-Fernandez, aka CARMEN NEGRON KARMA, appears to have filed two different claims. The second claim appears under the name of Carmen Monegro Martínez aka Carmen Monegro Duarte.

Enron Corp.'s records reflect different "PID #'s." In the first claim under "PID #902," the amount of $2,000.00 was awarded. Check No. 2580 has been issued for said amount. Under "PID #894," check No. 2542 in the amount of $14,500.00 was issued and paid. Both claims appear identified with the same case number, Civil No. 97-2669, which relates to case KDP 97-2737, filed before the Puerto Rico Courts.

The record reflects this plaintiff is/was being represented by Attorney Rochet-Santoro.

Defendants request that since plaintiff received her funds through Check No. 2542 the amount of $2,000.00 be returned to them. At this stage, defendants' request remains in abeyance pending the outcome and filing of all accounting records demanded from BANCO SANTANDER.

**Accordingly, Attorney Nelson Rochet-Santoro and/or the Firm of Cardona Irizarry are to submit any information available in regards to the identity of this plaintiff, amounts collected and status of her claim.**

**Copy of this Order is to be provided to plaintiff to her last known address.**

6. <u>VICTOR COLON-MERCEDES</u>. The record reflects this plaintiff is being represented by Attorney Peter Satz. Since it was considered plaintiff had abandoned his claim, on

February 13, 2003, District Judge Robert J. Ward had ordered the forfeiture of the $4,500.00 awarded to plaintiff Colón-Mercedes.

The record reflects that on December 20, 2002, Attorney Satz filed a Motion for Relief From Order Under Fed.R.Civ.P. 60(b)(2) reporting that plaintiff had been located.

The record reflects that Attorney Satz's motion, which entails modification of Judge Ward's previous Order, was disposed of by means of a separate Order issued by District Judge Hector M. Laffitte on January 22, 2004 (**Docket No. 3711**).

**Accordingly, Attorney Peter Satz is afforded a final twenty (20) day extension of time and is instructed to submit, on his client's behalf, the required Settlement and Release Documents so as to enable proper consideration of plaintiff's claim.**

7. CATALINA DIAZ (deceased). Plaintiff Díaz is also represented by Attorney Peter Satz and has been awarded the amount of $12,000.00. It appears that the Settlement and Release Documents have been submitted. Nonetheless, Declaration of Heirship is necessary.

**Accordingly, Attorney Peter Satz is instructed to indicate whether plaintiff has been paid the settlement amounts and if not he must submit a copy of the Declaration of Heirship and/or evidence that such Declaration is being sought from state courts.**

8. CARMEN HERNANDEZ-DEL VALLE. On January 8, 2004, information provided by Enron Corp. reflects that plaintiff submitted a properly executed release and that having Enron previously deposited the settlement amount ($6,000.00), BANCO SANTANDER was authorized to proceed with the disbursement. Plaintiff's award was to be made from funds available within the Global Settlement Account.

**Attorney Satz is instructed to inform and verify whether plaintiff has received the settlement amounts.**

9. ENRIQUE REYNA (deceased), plaintiff in Civil No. 97-2712. The record reflects that plaintiff Reyna was being represented by Attorney Peter Satz. As of December 2003, a Declaration of Heirship had not been submitted. However, on January 8, 2004, Enron Corp. certified to BANCO SANTANDER plaintiff's heirs had met their requirements allowing for the disbursement of the $3,500.00 assigned as per the settlement agreement.

**Within the next twenty (20) working days (due: June 14, 2004), Attorney Satz will submit information indicating whether plaintiff's heirs have received the settlement amounts.**

10. JOSE RIVERA (deceased), plaintiff in Civil No. 97-1187. The record reflects plaintiff's claim was filed by Attorney Marta Del Mar Ortiz-San Miguel. It appears that the settlement amounts ($9,000.00) have not been distributed pending submission of a Declaration of Heirship.

**Accordingly, Attorney Ortiz-San Miguel is instructed to report, within the next twenty (20) working days (due: June 14, 2004), on the status of the case, indicate whether her client(s) was/were paid and/or submit the required Declaration of Heirship or evidence that it has been requested.**

11. ANTONIO SEDA-CARTAGENA (deceased). It appears this plaintiff did not file a claim before this Court. However, Enron Corp. has provided information he is a plaintiff in a related case before the Puerto Rico State Courts (KDP-97-2581) who has been awarded $2,203.61. The record reflects that plaintiff submitted his Release documents to Enron Corp. on February 27, 2003. However, plaintiff and counsel Julio Santiago-Pomales have failed to submit a Declaration of Heirship.

Accordingly, the Clerk of Court is to obtain the address of Attorney Julio Santiago-Pomales and serve a copy of this Order. Attorney Santiago-Pomales is requested to provide information to Enron Corp., within the next twenty (20) working days (due: June 14, 2004), regarding the status of plaintiff's claim and submit copy of the Declaration of Heirship, if available.

11. <u>DORCA DE JESUS</u>, plaintiff in Civil 97-2721 (before local courts in KDP-97-2418). This plaintiff is represented by Attorney Andrés Guillermard-Noble. Plaintiff has been awarded the sum of $233.61 which as of December 2003 were amounts consigned at BANCO SANTANDER.

Enron Corp. understands plaintiff has abandoned her claim while having failed to submit the Settlement and Release Documents within the time frame provided by District Judge Ward. As such, Enron asserts said funds should be refunded to defendants.

Accordingly, Attorney Andrés Guillemard-Noble is GRANTED twenty (20) working days (due: June 14, 2004), in which to report on the status of plaintiff's case and/or submit the required documents enabling disbursement of payment.

Copy of this Order will be served upon counsel for defendants, Members of the PSC, Attorney Nelson Rochet-Santoro, the Firm of Cardona Irizarry, Attorneys Peter Satz, Andrés Guillermard-Noble, Julio Santiago-Pomales, Marta Del Mar Ortiz-San Miguel, and counsel for Enron Corp.

SO ORDERED.

At San Juan, Puerto Rico, this 14th day of May, 2004.

S/AIDA M. DELGADO-COLON
U.S. Magistrate-Judge