IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § § § § § | CONSOLIDATED CIVIL ACTION<br>NO. 96-2443 (JAF) |
| RIO PIEDRAS EXPLOSION<br>LITIGATION | § § § § § § § § § § | THIS MOTION RELATES TO<br>CIVIL ACTION NOS.: 97-1172<br>97-1187<br>97-2668<br>97-2669<br>97-2712<br>97-2721 |

**INFORMATIVE MOTION**

TO THE HONORABLE COURT:

COME NOW DEFENDANTS ENRON CORP., SAN JUAN GAS COMPANY, INC., ENRON LIQUID SERVICES CORP., ENRON ENGINEERING & CONSTRUCTION COMPANY, ENRON AMERICAS, INC., and ENRON OPERATION CORP. (collectively "the Defendants"[1]), through the undersigned attorney, and respectfully inform the Court of settlement status in the cases rated below.

1.  <u>Ramona Acosta – Mejias</u>, deceased, Civil Action No. 97-2668. Defendants have not received the declaration of heirship under the General Release and Assignment of Rights as entered by the plaintiff's heirs in January and February 2003. Pending receipt of the declaration,

---

[1] Defendants Enron Corp.; San Juan Gas Company, Inc. n/k/a Caribe Verde (SGS) Inc.; Enron Liquid Services Corp.; and Enron Engineering & Construction Company, commencing on December 2, 2001, and periodically thereafter, filed voluntary petitions for relief under chapter 11 title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York. The cases are jointly administered as *In Re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y.). This informative Motion is being filed at the request of the Court and is not intended and shall not be interpreted as waiving or releasing the automatic stay or any other right or remedy of these Debtors under the Bankruptcy Code or by order of the Bankruptcy Court. *See, e.g.* Notice of Bankruptcy (Docket No. 3516) and Informative Motion (Docket No. 3574).

Defendants have not authorized Banco Santander to release the settlement amount, as deposited in Account No. 80-0072-06 (Global Settlement Account), to the plaintiff's heirs and counsel, Nelson Rochet Santoro.

2. <u>Rolando Alberto Diaz-Peralta</u>, a minor, Civil Action No. 97-2669. Defendants have not received the judicial authorization of minor settlement under the General Release and Assignment of Rights, as entered by Aida Peralta Martinez on January 22, 2003, on behalf of plaintiff. Pending receipt of the authorization, Banco Santander has not been authorized by Defendants to release the settlement amount, as deposited in Account No. 80-0072-00 (Private Settlement Account), to the minor's guardian and counsel, Nelson Rochet Santoro.

3. <u>Pedro D. Lopez Fernandez</u>, Civil Action No. 97-2669. Pursuant to the Court's Order of May 14, 2004 (Docket No. 3715; Third Numbered Paragraph), Defendants submitted a General Release and Assignment of Rights to this plaintiff, which was properly executed and returned to Defendants. To date, however, Defendants have not authorized Banco Santander to release the settlement amount as deposited in Account No. 80-0072-00 (Private Settlement Account) to plaintiff and his attorney, Nelson Rochet Santoro, pending entry of an order modifying the Order entered on February 13, 2003 (Docket No. 3677; First Decretal Paragraph), holding that this plaintiff had abandoned his claim and ordering the private settlement amount deposited for him to be returned to Defendants. Such amount was not returned to Defendants.

4. <u>Arcadio Jimenez-Arocho</u>, deceased, Civil Action No. 97-2669. By Order of July 2, 2004 (Docket No. 3723), the Court took notice that the declaration of heirship regarding this plaintiff had been received by Docket Clerk Carmen Tacoronte and then ordered Hector M. Sanchez-Moll, CPA, to inform the Court relative to distribution of the settlement amount. By Motion dated July 15, 2004 (Docket No. 3725), Mr. Moll advised that the settlement amount, after deducting expenses and attorneys' fees, was disbursed by Banco Santander on

July 10, 2004, to Elvinly Jimenez-Perez, F/B/O Arcadio Jimenez-Arocho. Defendants will request a copy of the Declaration of Heirship from Ms. Tacoronte. If the declaration comports with the settlement agreement, this plaintiff's claims will be fully and finally resolved; if not, Defendants will inform the Court.

5. <u>Carmen J. Negron-Fernandez</u>, Civil Action No. 97-2669. By Order dated May 14, 2004 (Docket No. 3715; Fifth Numbered Paragraph), the Court took notice that this plaintiff appeared to have entered two (2) settlement agreements with differing settlement amounts and that the higher settlement amount had been disbursed to her, and the lesser settlement amount remained on deposit in Account No. 80-0072-00 (Private Settlement Account) with Banco Santander. The Court withheld ruling regarding refunding or reallocating this amount pending review of the accounting records to be filed by Banco Santander.

6. <u>Victor Colon Mercedes</u>, Civil Action No. 97-2712. Pursuant to Order dated January 22, 2004 (Docket No. 3712), plaintiff's claims were reinstated and a fully executed General Release and Assignment of Rights was submitted by plaintiff to Defendants on or about February 19, 2004. Since the claims were reinstated and the settlement agreement was executed subsequent to expiration of Defendants' authorization by the United States Bankruptcy Court for the Southern District of New York to satisfy settlement awards herein, Defendants have not deposited any amount with Banco Santander specifically related to this plaintiff's claims. According distribution of any settlement funds to this plaintiff and his counsel, Peter J. Satz, is to be made from excess funds on deposit with Banco Santander in Account Nos. 80-0072-00 (Private Settlement Account) and 80-0072-06 (Global Settlement Account) and related accounts. See Exhibits A and B hereto.

7. <u>Catalino Diaz</u>, deceased, Civil Action No. 97-2712. Defendants are advised that the settlement award for this plaintiff has been disbursed to plaintiff's heirs and counsel,

-3-

Peter J. Satz, pursuant to the General Release and Assignment of Rights as entered by the heirs and that plaintiff's claims are fully and finally resolved.

8.  Carmen Hernandez del Valle, an incompetent, Civil Action No. 97-1172. Defendants are advised that the settlement award for this plaintiff has been disbursed to her legal guardian and counsel, Freddie Perez Gonzalez, pursuant to the General Release and Assignment of Rights for Mentally Incompetent Individual and that plaintiffs claims are fully and finally resolved.

9.  Enrique Reyna, deceased, Civil Action No. 97-2712. Defendants are advised that the settlement award for this plaintiff has been disbursed to plaintiff's heirs and counsel, Peter J. Satz, pursuant to the General Release and Assignment of Rights as entered by the heirs and that plaintiff's claims are fully and finally resolved.

10. Jose Rivera, deceased, Civil Action No. 97-1187. By Motion dated May 24, 2004 (Docket No. 3717), counsel for plaintiff, Maria del Mar Ortiz San Miguel, states that the settlement award for the plaintiff was disbursed by Banco Santander on March 10, 2003 (check No. 034131) to plaintiff's heirs. As of this date, Defendants have no record of receipt of the declaration of heirship for this plaintiff, as required under the General Release and Assignment of Rights. Defendants have not authorized Banco Santander to release settlement funds under this settlement agreement and expect that such funds will be recovered by Banco Santander unless an acceptable declaration of heirship is provided to Defendants by Ms. Ortiz San Miguel at the August 4, 2004 Status Conference.

11. Antonio Sadiel Seda Cartagena, deceased, Civil Action No. KDP97-2581, Superior Court, Commonwealth of Puerto Rico (no federal court action). Defendants are advised that the settlement award for this plaintiff has been disbursed to plaintiff's heirs and counsel,

Julio Santiago Pomales, pursuant to the General Release and Assignment of Rights as entered by the heirs and that plaintiff's claims are fully and finally resolved.

12. <u>Dorca E. de Jesus</u>, Civil Action No. 97-2721. By Order dated February 13, 2003 (Docket No. 3677; First Decretal Paragraph), the Court found this plaintiff to have abandoned her claim and forfeited her settlement award from the Global Settlement and then ordered that such award would be distributed pursuant to further order of the Court. On May 14, 2004 (Docket No. 3715; Numbered Paragraph 11), the Court provided plaintiff's counsel, Andrés Guillemard-Noble, until June 14, 2004, to take exception, if any, with the abandonment ruling. No such exception was served upon Defendants.

WHEREFORE, it is respectfully requested that the Court take notice of the foregoing information.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 30 day of July, 2004.

*Charles E Cheek (aeh)*
Charles E. Cheek
1221 Lamar Street, Suite 1600
Houston, Texas 77010
(713) 853-6942 (Telephone)
(713) 853-6576 (Facsimile)

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of this Informative Motion has been served by UPS Express Mail and/or by facsimile transmission upon Honorable Aida M. Delgado-Colon; Steven C. Lausell for the PSC; Nelson Rochet Santoro; Peter J. Satz; Freddie Perez Gonzalez; Maria del Mar Ortiz San Miguel; Julio Santiago Pomales; Andrés Guillemard-Noble; Hector M. Sanchez-Moll, CPA; Banco Santander, Attention Hector Hernandez; Eric Tulla; and Raul Davila.

_Charles E. Cheek (aeh)_
Charles E. Cheek