UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————x
    :
In re    :    Chapter 11
    :
ENRON CORP., et al.,    :    Case No. 01-16034 (AJG)
    :
    :    Jointly Administered
            Debtors.    :
————————————————x

AGREED ORDER WITH RESPECT TO MOTION
FOR PARTIAL RELIEF FROM STAY RELATED
TO THE RIO PIEDRAS EXPLOSION LITIGATION

By Motion for Relief from Stay filed December 27, 2001, (the "Motion"), Movants sought a partial lifting of the automatic stay in the Rio Piedras Explosion Litigation ("Litigation"), which Litigation refers to over 500 individual cases filed on behalf of over 1,500 separate plaintiffs in the United States District Court for the District of Puerto Rico (Master File No. 96-2443) and the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Division (Master File No. KDP96-1808 (801)) (hereinafter jointly "Trial Courts"), generally alleging personal injuries (directly and derivatively), business interruption, or property damage as a result of a November 21, 1996 explosion at the Humberto Vidal Building in the Rio Piedras District of San Juan, Puerto Rico. Enron Corp. and Enron Engineering & Construction Company, debtors and debtors in possession herein (hereinafter jointly "Debtors"); San Juan Gas Company, Inc., Enron Operations Corp., and Enron Liquid Services Corp. (hereinafter collectively "San Juan Gas Defendants"), wholly owned affiliates of the Debtors; and, Puerto Rico Aqueduct and Sewer Authority, Puerto Rico Telephone Company, Humberto Vidal, Inc., and Heath Consultants Incorporated (hereinafter collectively "Third Party Defendants") are

defendants in the Litigation. All defendants and plaintiffs in the Litigation reached confidential arrangements, subsequently approved by the Trial Courts, by which the issues of cause and responsibility for the explosion would not be litigated; instead, all defendants, without any admission of liability and with reservation of defenses, agreed to proceed to the damages phase. The applicable insurance carriers for the Debtors and the San Juan Gas Defendants, who share the same insurance coverage, as well as insurance carriers for the Third Party Defendants, approved these arrangements. Since then, over 725 separate plaintiffs' claims have been settled, satisfied, and dismissed, with prejudice, with insurance carriers for the Debtors and the San Juan Gas Defendants and the Third Party Defendants reimbursing the Debtors and the San Juan Gas Defendants for settlement payments and related fees, costs, and expenses incurred by the Debtors and the San Juan Gas Defendants in settling these claims. Other plaintiffs' claims have been dismissed voluntarily or by court order. Nearly 750 separate plaintiffs' claims, however, remain unliquidated and pending before the Trial Courts (hereinafter "Pending Actions").

It appearing that the Court has jurisdiction to consider the Motion, that due notice of the Motion has been given, that no further notice need be given, and upon the proceedings before the Court and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1.   The San Juan Gas Defendants, the Third Party Defendants, and the plaintiffs in the Pending Actions are hereby authorized, through September 30, 2002, and without need of further authorization from the Court pursuant to Bankruptcy Rule 9019 or otherwise, to negotiate, accept, document, and satisfy settlements of Pending Actions in line with the practices and values already established in the Litigation, but subject to a total cap of $50 million covering all settlement amounts and related fees, costs, and expenses incurred and paid by the San Juan

Gas Defendants in settling Pending Actions; provided, however, the Debtors are dismissed, with prejudice, and fully released from each such settled Pending Action.

2. The San Juan Gas Defendants shall promptly request reimbursement of settlement payments and related fees, costs, and expenses from their insurance carriers.

3. The Trial Courts are hereby authorized to take all action in their discretion and consistent with this Order to promote, expedite, and confirm the settlement of Pending Actions, including, without limitation, judicial authorization of settlements, as necessary; the entry of orders of dismissal, with prejudice, of settled claims, as appropriate; and, the use of expedited discovery tools, court annexed mediation, independent mediators, and court appointed experts, as found appropriate by either or both Trial Courts.

4. The Motion is denied, without prejudice. If any Pending Actions have not been settled and dismissed, with prejudice, on October 1, 2002, plaintiffs in such remaining Pending Actions may seek further relief from the Court. Pending such further relief being granted, the automatic stay remains in effect for all purposes and the trial of any Pending Actions, as against the Debtors or the San Juan Gas Defendants, or any proceeding to enforce any obligation of the Debtors or the San Juan Gas Defendants incident to or arising out of the Litigation remains stayed until further order of the Court.

Dated: New York, New York
       April 11, 2002

                    s/Arthur J. Gonzalez
                    HONORABLE ARTHUR J. GONZALEZ
                    UNITED STATES BANKRUPTCY JUDGE