UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                          :        Chapter 11 Case No.
                                               :
ENRON CORP., et al.,                           :        01-16034(AJG)
                                               :
                    Debtors.                   :        (Jointly Administered)
                                               :
---------------------------------------------------------------- x

**STIPULATION AND ORDER (A) AMENDING AGREED
ORDER OF APRIL 11, 2002, EXTENDING PARTIAL RELIEF
FROM STAY RELATED TO THE RIO PIEDRAS EXPLOSION
LITIGATION AND (B) EXTENDING TIME FOR RIO PIEDRAS
EXPLOSION LITIGATION PLAINTIFFS TO FILE PROOFS OF CLAIM**

A.   AMENDING AGREED ORDER EXTENDING OF PARTIAL RELIEF FROM STAY

WHEREAS by Motion for Relief from Stay filed December 27, 2001, (the "Motion"), Movants sought a partial lifting of the automatic stay in the Rio Piedras Explosion Litigation ("Litigation"), which Litigation refers to over 500 individual cases filed on behalf of over 1,500 separate plaintiffs in the United States District Court for the District of Puerto Rico (Master File No. 96-2443) and the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Superior Division (Master File No. KDP96-1808)) (hereinafter jointly "Trial Courts"), generally alleging personal injuries (directly and derivatively), business interruption, or property damage as a result of a November 21, 1996 explosion at the Humberto Vidal Building in the Rio Piedras District of San Juan, Puerto Rico. Enron Corp., Enron Engineering & Construction Company, and San Juan Gas Company, Inc., debtors and debtors in possession herein (hereinafter jointly "Debtor Defendants"); Enron Operations Corp., Enron Americas, Inc., and Enron Liquid Services Corp. (hereinafter collectively "Non-Debtor Defendants"), wholly owned affiliates of the Debtor Defendants; and, Puerto Rico Aqueduct and Sewer Authority, Puerto Rico Telephone Company, Humberto Vidal, Inc., and

Heath Consultants Incorporated (hereinafter collectively "Third Party Defendants") are defendants in the Litigation. All defendants and plaintiffs in the Litigation reached confidential arrangements, subsequently approved by the Trial Courts, by which the issues of cause and responsibility for the explosion would not be litigated; instead, all defendants, without any admission of liability and with reservation of defenses, agreed to proceed to the damages phase. The applicable insurance carriers for the Debtor Defendants and the Non-Debtor Defendants, who share the same insurance coverage, as well as insurance carriers for the Third Party Defendants, approved these arrangements. Since then and as of April 11, 2002, over 725 separate plaintiffs' claims had been settled, satisfied, and dismissed, with prejudice, with insurance carriers for the Debtor Defendants and the Non-Debtor Defendants and the Third Party Defendants reimbursing the Debtor Defendants and the Non-Debtor Defendants for settlement payments and related fees, costs, and expenses incurred by the Debtor Defendants and the Non-Debtor Defendants in settling these claims. Other plaintiffs' claims had then been dismissed voluntarily or by court order. As of April 11, 2002, nearly 750 separate plaintiffs' claims, however, remained unliquidated and pending before the Trial Courts (hereinafter "Pending Actions").

WHEREAS, on April 11, 2002, the Court entered an Agreed Order authorizing the Non-Debtor Defendants through September 30, 2002, to proceed with settling Pending Actions on behalf of all defendants, subject to an overall cap of $50 million (the "Overall Cap") inclusive of costs and fees, among other limitations, and otherwise denied the Motion ("April 11 Order"). Following entry of the April 11 Order, the claims of 321 plaintiffs (exclusive of conjugal plaintiffs) have been privately settled for nearly $7.8 million. When added to the settlements reached before the Enron Bankruptcy, the claims of 1066 plaintiffs

(exclusive of conjugal plaintiffs) are now settled. Of those plaintiffs, all have entered the agreed releases, moved for the dismissal with prejudice of their claims, and the settlement amounts have been paid to their escrow agent EXCEPT for 171 plaintiffs for whom the submission of release information or the return of executed releases is pending. On July 16, 2002 a global settlement of $28 million to resolve all remaining plaintiffs' claims, federal and local, was reached among representative counsel for the plaintiffs, Non-Debtor Defendants' carriers' counsel, and Non-Debtor Defendants' counsel under the auspices of Hon. Robert J. Ward, Senior District Judge for the Southern District New York, but sitting by designation as the presiding judge for the federal Rio Piedras Litigation, with the Commonwealth Court Judge having authorized Judge Ward to mediate a global settlement for the local court claims. Both Trial Court judges have endorsed the settlement. Should this global settlement be consummated, the claims of over 400 plaintiffs, including individuals and business entities, will be fully and finally settled and the Litigation will be fully and finally resolved. The Debtor Defendants, Non-Debtors Defendants, and plaintiffs hereby stipulate that additional time is needed to consummate this global settlement and the pending individual settlements. It is in the best interest of the Debtor Defendants' estates if these settlements can be consummated and the Rio Piedras Explosion Litigation fully and finally resolved.

WHEREAS it appearing that the Court has jurisdiction to consider the Motion, that due notice of the Motion has been given, that no further notice need be given, and upon the proceedings before the Court and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1. The April 11 Order is amended to authorize the Non-Debtor Defendants, the Third Party Defendants, and the plaintiffs in the Pending Actions, through November 11,

2002, and without need of further authorization from the Court pursuant to Bankruptcy Rule 9019 or otherwise, to negotiate and accept settlements of Pending Actions.

2. The April 11 Order authorized the Trial Courts to take all action in their discretion and consistent with this Order to promote, expedite, and confirm the settlement of Pending Actions, including, without limitation, judicial authorization of settlements, as necessary; the entry of orders of dismissal, with prejudice, of settle claims, as appropriate; and, the use of expedited discovery tools, court annexed mediation, independent mediators, and court appointed experts, as found appropriate by either or both Trial Courts. The April 11 Order is further amended to extend this authority of the Trial Courts through December 20, 2002, to cause (a) the submission of executed releases and related settlement documents to the Non-Debtor Defendants; (b) the payment of settlement amounts thereunder, and (c) entry of dismissals, with prejudice, of all plaintiffs' claims settled in principle on or before November 11, 2002.

B. EXTENSION OF BAR DATE

WHEREAS, commencing on December 2, 2001, Enron Corp. and its affiliated debtor entities, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

WHEREAS, on August 1, 2002, the Court in the above-referenced Chapter 11 cases entered an order (the "Bar Date Order") establishing October 15, 2002 as the deadline within which certain creditors of the Debtors must file proofs of claim; and

WHEREAS, pursuant to the Bar Date Order, any Debtor may extend its bar date for any particular creditor upon filing with the Court a stipulation setting forth such extension, subject to notice and a hearing;

WHEREAS, the Rio Piedras Explosion Litigation Plaintiffs and certain of the Non-Debtors are negotiating settlements that would, among other things, settle and resolve all claims relating to such litigation; and

WHEREAS, the aforementioned settlements were consummated, none of the Rio Piedras Explosion Litigation Plaintiffs would need to file a proof of claim with respect to claims settled and resolved under such settlement: and

WHEREAS, the aforementioned settlement may not be effected, if at all, prior to the bar date; and

WHEREAS, in light of the foregoing, the Debtors desire to extend the deadline within which the Rio Piedras Explosion Litigation Plaintiffs may file proofs of claim against the Debtors to and including November 11, 2002; and

WHEREAS, there will be no prejudice to the Debtors' estates if the deadline for the Rio Piedras Explosion Litigation Plaintiffs to file proofs of claim is extended to and including November 11, 2002.

NOW, THEREFORE, it is hereby stipulated and agreed among the Debtors and the Rio Piedras Explosion Litigation Plaintiffs as follows:

1. The time for the Rio Piedras Explosion Litigation Plaintiffs to file proofs of claim against any and all estates of the Debtors is hereby extended to and including November 11, 2002.

2.  Except as provided herein, the parties reserve all of their respective rights, claims and defenses.

3.  To facilitate execution, this Stipulation and Order may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature and acknowledgement of, or on behalf of, each party, or that the signature and acknowledgment of all persons required to bind any party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Stipulation and Order to produce or account for more than a single counterpart containing the respective signatures and acknowledgement of, or on behalf of, each of the parties hereto. Facsimile signatures shall be binding to the same effect as originals.

Dated: New York, New York
       October 9, 2002

                Martin J. Bienenstock (MB 3001)
                Brian S. Rosen (BR 0571)
                Melanie Gray
                Martin Sosland
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Fax: (212) 310-8007

                Attorneys for Debtors and Debtors in Possession

                          - and -

                Golub & Golub, LLP
                Attorneys for Rio Piedras
                Explosion Litigation Plaintiffs

                By:_____
                    Steven M. Golub (sg-3592)
                    A Member of the Firm
                    225 Broadway, 15th Floor
                    New York, New York 10007
                    Telephone: (212) 693-1000

SO ORDERED:

New York, New York
October __, 2002

                _____
                UNITED STATES BANKRUPTCY JUDGE