**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>RIO PIEDRAS EXPLOSION<br>LITIGATION | Consolidated Case<br>Civil No. 96-2443(JAF) |

**CONFERENCE REPORT AND ORDER**

In order to identify and dispose of all pending issues that will enable final and formal closure of all consolidated cases, a three-hour conference was held on August 4, 2004.

The following attorneys/parties did attend:

Attorney Charles Cheek, counsel for Enron
[1]Attorney Steven Lausell, member of the Plaintiffs' Steering Committee ("PSC")
Attorney Andrés Guillermard, member of the PSC
Attorney María Del Mar Ortiz-San Miguel, member of the PSC
CPA Héctor Sánchez-Moll, Accountant for the PSC
Mr. Héctor Hernández, representing for Banco Santander
Attorney Juan Molde, Counsel for Fenix de Puerto Rico
CPA Sigfredo Vélez, Accountant for Banco Santander
Attorney Robert Bonilla, counsel for Banco Santander

During the conference the diverse topics were discussed and a proposed course of action was identified. The agenda and agreements reached are the following:

1. **Procedure for Disbursement of Final Payments**

During the past month CPA Sánchez-Moll and Mr. Héctor Hernandez of Banco Santander, have been examining all accounts under the custody and

---

[1] Attorneys Steven Lausell, Andrés Guillemard and María Del Mar Ortiz-San Miguel also represented several plaintiffs in this consolidated action. At this stage Attorney Guillermard also reported on the case of plaintiff Dorca De Jesús and Attorney Ortiz-San Miguel reported as to plaintiff Jesús Rivera.

Civil No. 96-2443(JAF)                                                                                                                                          Page No. 2

control of Banco Santander, specifically those commonly known as: "the 5% account," "the 10% account," "Global Settlement Account," "Private Settlement Account," and the "Special Escrow Account." Efforts have been geared towards reconciling all records evidencing payments/disbursements in possession of the PSC (CPA Sanchez-Moll) and Banco Santander.[2] While the task is almost in its final stages, some additional time is needed to compute the total interest accrued on each account, the total and final balance of each account, accountants' fees, future expenses to be incurred by Banco Santander while issuing checks with final plaintiffs, payments to a 7% withholding, and the amounts to be paid to the Commonwealth Treasury Department. The parties (accountants) are **GRANTED until September 3, 2004**, to determine the **FINAL** balances on each account and provide the Court with the total amounts which are to be distributed to plaintiffs with allocations of amounts to be paid per plaintiff. The records depicting such allocations per plaintiff will also identify plaintiffs' attorneys.

     Banco de Santander will proceed to make the corresponding disbursements **from September 13, 2004 through September 17, 2004.** All checks will be made payable to each individual plaintiff and delivered to their respective counsel. Counsel will be responsible to cause such checks to be delivered to each plaintiff **within forty-five (45) days upon receipt of payment** with adequate notice and certification to be provided to the Court. Upon expiration of the 45-day term,

---

[2] Account statements and reports submitted by Banco Santander on June 30, 2004, reflected the following balances: the 5% Account - $3,167,582.03; the 10% Account - $226,214.92; the Global Settlement Account - $172,290.03; and the Private Settlement Account - $22,621.10. Once the pending payments of settlement amounts and expenses are deducted and accrued interests are computed, a final report will be filed with the Court.

Civil No. 96-2443(JAF)                                                                                             Page No. 3

counsel will proceed to deposit and consign with the Clerk of Court all undelivered checks.

The Clerk of Court will proceed to deposit such amounts in an interest bearing account and device a process through which additional notice is to be given to each payee.

The accountants will proceed to identify those cases and/or plaintiffs which have submitted claims for and have been awarded compensation for lost income.[3] The parties are to be mindful that such amounts will be subject to deductions or a 7% withholding, amounts which are payable to the Commonwealth Treasury Department. Any plaintiff exempt from such withholding shall provide supporting evidence (waivers) to CPA Sánchez-Moll **within thirty (30) days** upon receiving notice of the amounts subject to withholding.

It is noted that the amounts payable to Fenix de Puerto Rico (represented by Attorney Juan Molde), and Antilles Insurance Co. and St. Paul and Fire Insurance Co. (represented by Attorney Andrés Guillemard) are not subject to withholding, inasmuch as the amounts payable to such corporations constitute reimbursement of expenses or claims.

**2. PSC's Operational Accounts**

CPA Sánchez-Moll has identified accounts Nos. 3003336386 and 4004177296 as operational accounts with a balance as of July 15, 2004, of $2,243.21 and $2,272.55, respectively.

---

[3] There are approximately 45 such cases/claims: 30 under the Global Account or Funds and 15 cases/claims under the Private Settlement Account or Funds.

Civil No. 96-2443(JAF) Page No. 4

The balance of these accounts are to be transferred to "the 5% Account" and will remain subject to distribution among all plaintiffs.

A separate Order in this regard will be issued.

**3. Initial Assessment Fee**

CPA Sánchez-Moll produced records reflecting that during the years 2002 and 2003 counsel for plaintiffs have been allowed the opportunity to claim reimbursement of the initial assessment fee that was required per plaintiff.

The record reflects that some attorneys have ignored such notices and have failed to submit their claims and the required supporting evidence.

**A final term, until August 16, 2004, will be given** to all counsel entitled to such reimbursement to submit their claims. A separate order is to be issued outlining the procedure and requirements to submit such claims.

Unclaimed assessment fees will thereafter remain subject to distribution among all plaintiffs.

**4. Pending Claims**

a. <u>**Fenix de Puerto Rico**</u> **(Civil No. 97-2721)**

Within "the Global Settlement Account" the sum of $161,868.89 is assigned to Fenix de Puerto Rico. Deductions are to be made for expenses incurred (approximately $8,093.44) and attorneys' fees. Since Fenix de Puerto Rico is undergoing proceedings under the supervision of the Bankruptcy Court, the percentage to be allocated for payment of attorneys' fees and the procedure for conducting such payment must be defined.

Representatives for the PSC and Attorney Juan Molde will meet and attempt to streamline a procedure to dispose of this issue.

Civil No. 96-2443(JAF)	Page No. 5

Attorney Steve Lausell, in representation of the PSC, will be responsible for defining such procedure in a way it will be agreeable to all parties involved (other members of the PSC). An Informative Motion reporting any stipulation or agreement among the parties is to be filed **not later than August 30, 2004.**

**Members of the PSC are to assist Attorney Lausell in expediting resolution of this matter.**

b. **Dorca De Jesús**

The sum of $233.61 allocated to plaintiff De Jesús is to be forfeited, inasmuch as all efforts to locate plaintiff have been fruitless (see: KDP-97-2418; Civil No. 97-2721).

c. **Dominga Díaz-Vélez (Civil No. 97-1271)**
d. **Trinidad Sánchez-Felipe (Civil No. 97-12l71:**
e. **Carmen Pastrana-Lebrón (Civil No. 97-1887)**

These three plaintiffs are represented by Attorney Alberto De Diego-Collar.

CPA Sánchez-Moll has requested supporting documents and available records[4] in Enron's possession that will enable disbursement of the settlement amounts.

At the conference Attorney Charles Cheek delivered related documents within his immediate control to CPA Sánchez-Moll. Attorney Cheek is **GRANTED ten (10) days** in which to review his records and provide any other relevant data that is available.

f. **José Rivera (deceased)**

---

[4] For example: general release and assignment of rights signed and approved by the parties; legal counsel's contracts with their plaintiffs; legal counsel's waiver from Hacienda for the year 2004; and statement signed by plaintiffs approving any reimbursable expenses to their legal counsel.

Civil No. 96-2443(JAF) Page No. 6

Settlement amounts have been paid to heirs of plaintiff Rivera (see **Docket No. 3717**). A certified copy of the Declaration of Heirs was provided to Attorney Cheek at the August 4, 2004 conference.

  g.  **Víctor A. Colón-Mercedes (Civil No. 97-2712)**

Plaintiff's claims were reinstated and settlement agreement was executed subsequent to expiration of defendant's authorization (by the Bankruptcy Court, Southern District of New York) to satisfy settlement.

Accordingly, the $4,500.00 payable to plaintiff will be disbursed in accordance with the procedures previously established by the Honorable Robert Ward.

  h.  **Arcadio Jiménez-Arocho (Civil No. 97-2669)**
  i.  **Catalino Díaz (Civil No. 97-2712)**
  j.  **Carmen Hernández- Del Valle (Civil No. 97-1172)**
  k.  **Enrique Reyna (Civil No. 97-2712)**
  l.  **José Rivera (Civil No. 97-1187)**
  m.  **Antonio Sadiel Seda-Cartagena (KDP-97-2581)**

The above named plaintiffs have been paid, respectively, the settlement amounts awarded. Their records have been reviewed and all necessary documentation (i.e., declaration of heirs, waivers, attorneys' fees contract) has been received by the accountants and Enron. (*See also* **Docket No. 3725** and **Docket No. 3728**).

  n.  **Rolando Alberto Díaz-Peralta** (Civil No. 97-2669)

The Clerk of Court is requested to contact the Clerk of Court at the San Juan Superior Court and obtain copy of any resolution or judicial authorization regarding minor's settlement claim.

Civil No. 96-2443(JAF) Page No. 7

Once received, copies are to be provided to Attorney Charles Cheek and CPA Sánchez-Moll. Upon proper certification of the parties, Banco Santander will be authorized to release the settlement amounts.

**o. Pedro D. López-Fernández (Civil No. 97-2669)**

Parties were placed on notice that the Order entered on February 13, 2003 **(Docket No. 3677)** will be modified in order to reinstate plaintiff's claim and entitlement to the amounts awarded. A separate order has been issued.

CPA Sánchez-Moll is in need of copies of the Settlement Agreement, waivers, attorney's fee contract. Defendant will provide disclosure of such documents if available within its records.

The Clerk of Court will serve copy of this Order upon all parties. This to specifically include: all former members of the PSC, all individual plaintiffs' attorneys, counsel for defendants, Banco Santander (through Mr. Héctor Hernández) and CPA Sánchez-Moll, accountant for the PSC.

**SO ORDERED**.

At San Juan, Puerto Rico, this 10th day of August, 2004.

**S/AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**