IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
04 AUG 17 PM 4:42
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R.

|  |  |  |
|---|---|---|
| IN RE RIO PIEDRAS EXPLOSION | * | CIVIL NO. 96-2443(JAF) |
| INDIV CASE OF RAMONA ACOSTA (97-2668) | * | INDIVIDUAL CASES 97-2668 97-2669 |
| INDIV CASE OF MINOR ROLANDO DIAZ PERALTA (97-2669) | * |  |

*Handwritten note:* Two local Court Resolutions attached (1) Heirship Declaration for Ramona Acosta (2) Court Authorization to Settle Minors Claim for Rolando Diaz

<u>MOTION INFORMING COMPLIANCE WITH MAGISTRATE DELGADO'S ORDER</u>

<u>MOTION INFORMING NOTIFYING DEFENDANT ATTORNEYS WITH COPIES OF JUDICIAL RESOLUTIONS AS MANDATED</u>

TO THE HONORABLE COURT:

Come now the plaintiffs in the above captioned case through their undersigned attorney and very respectfully state, allege and pray:

1. That last Thursday August 12, 2004 this attorney notified by Fax directly to Houston, Texas, 713- 853-6576 copies of two judicial resolutions as issued by the San Juan Superior Court, the following documents to defendant Enron's attoney, Charles (Chuck) Cheek as requested by him in a telephone conversation which took place on Monday August 9th, 2004.

2. That fellow brother counsel Cheek received notice that the longly sought two judicial resolutions from the San Juan local Court were already issued and received by this attorney since

Friday August 6th 2004 and that both of said judicial documents would be sent by fax to him and to his fellow defendant attorney, Raúl Dávila in San Juan, this last attorney, by messenger.

3. That the two judicial resolutions were the following ones:

A. Judicial Resolution [Heirship Declaration] pertaining to this deceased lady, declaring all the heirs of her estate which had a legal right to share in the j$40,000.00 settlement already agreed to since year 2001. Since this heirship declaration has already been provided to defendant through fellow attorney Cheek, he has agreed to authorize Banco de Santander to release settlement monies to the identified heirs in said declaration.

B. Judicial Resolution [Judicial Authorization to Settle Assets Pertaining to a Minor] to allow this minor's mother, Aida Peralta, to receive the corresponding check pertaining to the agreed settlement amount of $10,000.00.

Since this judicial authorization declaration has already been provided to defendant through fellow attorney Cheek, he has agreed to authorize Banco de Santander to release settlement monies to the identified heirs in said declaration.

### IN REFERENCE TO THE STATUS OF OTHER PLAINTIFF CLAIMANTS AS REPRESENTED BY THIS ATTORNEY

4. Enron's attorney, brother counsel Cheek mentioned in his last July the 30th Informative Motion to this Court that there was the additional pending claims of:

A. **PEDRO D. LOPEZ FERNANDEZ** : As fellow attorney Cheek indicated, this claimant has already executed all the relevant documents for settlement. It must be informed to this Hon. Court about this particular claimant that he once placed a phone call inquiring about his claim. By mistake, when his name was sought in our computer client's list, his name did not appear listed as a claimant, and therefore, he was told that he did not belong to our plaintiff list, that he should call upon other attorneys. Shortly thereafter, we found out that he was one of

our plaintiffs according to another computer list. When we attempted to contact him again, he was unable to be found. And it must also be said about this claimant that he indeed has not abandoned his claim. The reason for his absence in PR was that he joined the U.S Army and is actually performing military service in Korea. Nevertheless, his relatives appeared at a Court Hearing conducted last july 2003 at U.S.Magistrate Aida Delgado's Chambers to let everyone in Court know that he was alive and well but on military duty in Korea facing 40 very aggressive north korean combat divisions. It is recommended that either his corresponding check be issued and sent to him in Korea or that notice of availability for said monies be sent to his relatives in PR, which on his behalf showed up in Court.

    B.    **ARCADIO JIMÉNEZ AROCHO:** The corresponding heirship declaration has already been received by this Court personnel, through Miss Tacoronte as has been reported by fellow defendant attorney Cheek. This deceased sole and only daughter should be paid the agreed settlement amount if it has not been already paid.

    C.    **CARMEN J. NEGRON FERNANDEZ**: In this very particular case, Fellow Attorney Cheek and this undersigned had both agreed that she had already been paid in full the original settlement amount of about $14,000.00. There was another settlement agreement, which by mistake was executed by this claimant. A second one of about 2,000.00 or 3,000.00 which should not be paid to this lady since she has already been paid in full. This second amount of surplus "settlemen money" should be at once returned to defendant Enron for their disposal as they may deem appropriate.

### IN REFERENCE ABOUT THE ABOVE MENTIONED LOCAL COURT JUDICIAL RESOLUTIONS

5. This Hon. Court had ordered that a copy of both judicial resolutions be presented and filed at this Court. These had already been notified directly to fellow attorneys Cheek in Houston and Davila in San Juan. The corresponding copies will be taken today to this Court for their filing for the record as ordered by this Court.

## ACTION OR REMEDY
## BEING REQUESTED BY THIS PLAINTIFF ATTORNEY

6. It is very respectfully requested that this attorney be paid his professional attorney's fees in the corresponding amounts for the settlements already done with in relation to these last solved claims, that is, from Mrs. Ramona Acosta's, from Mr. Arcadio Jiménez's, from Mr. Pedro Fernández López solved cases.

7. It is also requested that the corresponding compensation checks be at once duly made to the order of these last claimants which up todate may not have been already paid.

8. It is reminded that in the case of Carmen Negrón Fernández her second check be returned to defendants as agreed and indicated in paragraph 4C of this motion.

RESPECTFULLY SUBMITTED

6. The attorneys and or entities which were notified a copy of each one of the above mentioned motions, were the following:

1. **Liza Ramírez de Arellano and Raúl Dávila, Esqs. Charles Cheek Esq., for defendants, San Juan Gas Co., 63 Fortaleza St., San Juan, PR 00901; Tel. 723-0025, Fax. 725-5953.**

2. **Charles E. Cheek: 1221 Lamar Street, Suite 1600, Houston, Texas, 77010, Tel. 713 853-6942; Fax. 713 853-6576**

THEREFORE, it is respectfully requested from this Hon. Court that it take judicial cognizance that today we sent via Fedex and by Fax a copy of the above mentioned motions to the applicable defendants in the above captioned case.

**CERTIFICATE**

I CERTIFY that I have arranged for sending a copy of this motion to each and everyone of these attorneys thorough personal regular mail:

1. Liza Ramírez de Arellano and Raúl Dávila, Esqs., for defendants, San Juan Gas Co., 63 Fortaleza St., San Juan, PR 00901; Tel. 723-0025, Fax. 725-5953

2. Charles E. Cheek: 1221 Lamar Street, Suite 1600, Houston, Texas, 77010, Tel. 713 853-6942; Fax. 713 853-6576

Respectfully submitted in San Juan, Puerto Rico, this August 16th, 2004.

S/ NELSON ROCHET-SANTORO, ESQ
ATTORNEY FOR PLAINTIFFS
USDC NO. 206407
P.O. BOX 23159, U.P.R. STATION
SAN JUAN, PUERTO RICO 00931-3159
TEL. (787 630-0810 FAX: (787)748-3791
AND (787) 759-7526