IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RIO PIEDRAS EXPLOSION
LITIGATION

Consolidated Case
Civil No. 96-2443(JAF)

## CONFERENCE REPORT AND RECOMMENDATION

On September 2, 2004, a Status Conference was held with the participation of CPA Héctor Sánchez-Moll, Accountant for the PSC; Attorney Francisco Bruno-Rovira, member PSC; Sigfredo Vélez-Feliciano, Vice President and Sub-Director Trust Division, Banco Santander; and Edith Ríos, Financial Administrator/Supervisor, U.S. District Court.

During the past weeks and as of September 2, 2004, all balances and transactions within all accounts under the custody of Banco Santander were reviewed and verified by CPA Sánchez-Moll. All accounts have been reconciled.

In order to expedite payment of settlement amounts owed, distribution and allocation of interests earned and identify a fair and efficient way of having such final payments to plaintiffs carried out before September 30, 2004, the following procedures and actions are **RECOMMENDED** for Court approval:

1. **Procedure for Disbursement of Funds (Payments) to Plaintiffs**

    a. Each individual attorneys will receive a list of all their clients. Said list will reflect the amounts awarded and paid and additional amounts to be disbursed and the amounts to which those plaintiffs are entitled to. Amounts available to plaintiffs are to be distributed among all eligible plaintiffs.

    b.  Notice is to be provided by counsel to every individual plaintiff named within said list. Counsel will also be responsible for contacting and notifying each client of the following: that payments will be made by means of individual checks addressed to each plaintiff that will be available for distribution by the Clerk of Court during regular working hours (8:30 AM - 4:45 PM).

    c.  Counsel is to provide each plaintiff with clear advice and notice of the fact that payment is to be claimed within sixty (60) days of notice. Thereafter, unclaimed amounts will be deposited in an interest bearing account.

    d.  If counsel is unable to contact any of his/her clients (plaintiffs) within the sixty (60) day term, written notice is to be provided to the Court.

    e.  At the time payment is made, each plaintiff will be required to sign a receipt and will receive a memorandum detailing the accounting processes and any applicable tax deductions.

    f.  Amounts payable to minors, as in previous cases, will be consigned with the Commonwealth Court of First Instance (San Juan Superior Court).

The procedure herein outlined modifies the one previously described in the Conference Report and Order dated August 12, 2004 (**Docket No. 3734**). It varies to the extent that payment checks are not to be distributed by counsel to individual plaintiffs but rather by the Clerk of Court. Each counsel, however, will remain responsible for providing notice to each plaintiff as per the previous guidelines outlined in this Conference Report and Order.

    2. **Amounts Payable to Fénix de Puerto Rico**

The Court is **RECOMMENDED to** approve the proposed Stipulation signed by the parties (**Docket Nos. 3737 and 3739**).

Civil No. 96-2443(JAF)                                                                                                                                 Page No. 3

      Counsel Juan Molde is to provide defendants and CPA Sánchez-Moll a duly signed and executed Release to enable disbursement of funds that actually are allocated to Fénix de Puerto Rico. Failure to comply will subject said funds to forfeiture.

      Once compliance is verified, Banco Santander and CPA Sánchez-Moll may proceed to authorize disbursement of funds pursuant to the parties' Stipulation, if approved by the Court. Payment is to be made from the funds available within the Global Account.

### 3. Operational Accounts

      Final balances within Account Nos. 3003336386 and 4004177296 were determined and transferred to the "5% Account" for subsequent distribution among the plaintiffs. (Actions undertaken pursuant to Order dated August 9, 2004, **Docket No. 3732**.)

      The balance as of September 2, 2004, in such accounts was: $1,442.09 and $2,256.39, respectively.

### 4. Initial Assessment Fee

      On August 5, 2004, all counsel and plaintiffs were granted a final term, that expired on August 16, 2004, to claim reimbursement of the initial assessment fees paid.

      Most attorneys proceeded to submit timely claims and fees have been reimbursed.

      It is **RECOMMENDED** that all initial assessment fees not claimed as of August 16, 2004, be forfeited. It is further **RECOMMENDED** that such amounts be allocated to plaintiffs and that no other claims for assessment fees be allowed.

### 5. Plaintiffs Dominga Díaz-Vélez, Felipe Trinidad-Sánchez and Carmen Pastrana-Lebrón

      There are two checks in the amounts of $6,000.00 and $15,000.00 in the possession of Banco Santander/Sánchez-Moll. Said amounts relate to the "5%" and "10%" deduction made from the settlement amounts awarded to the above-named plaintiffs.

Specifically, the check in the amount of $6,000.00 constitutes the "15%" (5% expense account and 10% attorney's fees account) deducted from the amounts awarded to plaintiffs Dominga Díaz-Vélez ($4,875.99) and Felipe Trinidad-Sánchez ($1,125.00).[1] Both plaintiffs were represented by Attorney Alberto De Diego-Collar.

The check in the amount of $15,000.00 accounts for the 15% deducted from the total $100,000.00 settlement amount awarded to plaintiff Carmen Pastrana-Lebrón (Control No. 1162). Records available indicate that plaintiff Pastrana-Lebrón was being represented by Attorney Gabriel Peñagarícano.

On September 2, 2004, CPA Sánchez-Moll informed that Attorney Gabriel Peñagarícano had verbally conveyed concerns and questioned the reasonableness of such deductions and intended payments to the PSC, inasmuch as it was his understanding that the PSC "did nothing or very little to settle" the particular case in which deductions were made. More so, it appears that plaintiff Carmen Pastrana-Lebrón is a plaintiff in the related state court proceedings but is not a plaintiff within the federal consolidated cases.

The PSC in turn argues that such "5%" and "10%" deductions were made pursuant to a uniform process adopted by District Judge Carmen C. Cerezo which was made after carefully pondering the parties' position and arguments in regards to the creation of the PSC and operational accounts. Members of the PSC understand that the same uniform mechanism was adopted by the Honorable Héctor López-García, Superior State Judge presiding over the related state case. While the record is clear in that the PSC was instrumental in the determination and prompt adjudication of the issue of liability, this Magistrate-Judge will review previous orders

---

[1] In Civil No. 97-1271(RJW) Dominga Díaz-Vélez is the named plaintiff to which Control No. 450 has been assigned. Plaintiff Felipe Trinidad-Sánchez, identified with Control No. 451, also filed his claim in Civil No. 97-1271(RJW).

issued by District Judge Robert J. Ward and Superior Court Judge Héctor López-García in an attempt to verify if the issues raised by plaintiff Pastrana-Lebrón's case has been ruled upon.[2] Prior to September 13, 2004, the record was void of any specific, formal and written demand by Attorney Peñagarícano asserting a factual or legal basis upon which the Court could consider his claim. On September 13, 2004, Attorney Peñagarícano asserted that, inasmuch as plaintiff Pastrana-Lebrón had presented her claims before the state court, the final determination regarding expenses and attorney's fees was to be taken by the local courts. Accordingly, in an attempt to avoid future legal issues being raised and until such time as a complete assessment is made of the issues raised by Attorney Peñagarícano, the $10,000.00 that relate to the attorney's fees (10% account) will remain within the custody of Banco Santander awaiting further instructions from the Court.

The remaining $5,000.00 must be assigned to the 5% Account. This recommendation is issued pursuant to the Order signed by Superior Judge José Rodríguez-Viejo on February 4, 1999, in Civil No. KDP96-1808 (see Attachment A: Order).

Inasmuch as Dominga Díaz-Vélez and Felipe Trinidad-Sanchez are state and federal plaintiffs, the sum of $6,000.00 will be subject to the 5% and 10% deduction authorized by District Judge Carmen C. Cerezo.

### 6. Joyería Super Precios

On December 4, 2003, a motion was filed by John Zerbee, Chapter 7 Trustee. The same was docketed at **Docket Entry No. 3710**.

---

[2] Telephone conversation was held with the Honorable Héctor López-García, who agreed to verify his records and assist in disposing of the issue at hand.

From the amounts awarded to Joyería Super Precios, attorney fees have already been paid and the amounts to be paid to Super Precios were deposited in a special escrow account. It appears that the Trustee has filed a request to have the amounts deposited in the special escrow account on behalf of Joyería Super Precios disbursed to the Trustee. The Trustee does not object to the deduction of monies providing for payment of taxes and administrative fees.[3]

Accordingly, it is **RECOMMENDED** that this Court proceed to authorize the disbursement of the principal and interests earned on the monies deposited within the Joyerías Super Precios Special Escrow Account. Payment is to be made to John Zerbee, Chapter 7 Trustee/Joyería Super Precios.

### 7. Víctor Colón-Mercedes

Plaintiff is represented by Attorney Peter Satz and has been awarded the total sum of $4,500.00. The accountants have already identified availability of some funds from the accounts already forfeited. Any outstanding balance is to be paid from the interests earned on the 5% account.

### 8. Enrique Reyna

Plaintiff is represented by Attorney Peter Satz. Payment of the $3,500.00 awarded is to be made to the heirs of the "Sucesión Enrique Reyna" with the Clerk of Court.

Counsel is to provide notice of this action to plaintiff's heirs so as to enable them to present a proper claim before the Court.

Once the funds are consigned, were no claim for payment to be submitted within sixty (60) days thereafter, the Clerk of Court will proceed to deposit said amounts in an interest bearing account.

---

[3] Copy of motion is attached and identified at Attachment B.

In regards to the claims of plaintiffs Víctor Colón-Mercedes and Enrique Reyna, Attorney Peter Satz is **GRANTED a final three (3) day term** in which to meet with CPA Sánchez-Moll and submit information regarding litigation expenses incurred, attorney's fee contract and verify the allocation to be made as to each individual plaintiff account. Failure to comply with this Order will enable the accountants to proceed to allocate "0% for expenses, a standard 33% for attorney's fees" and the balance will be payable to each plaintiff, after conducting standard deductions approved by the Court (5% expenses and administrative expenses).

### 9. Carmen Hernández

The sum of $3,928.00 were awarded and are payable to plaintiff Carmen Hernández. Full amount is to be deposited with the Clerk of Court in a separate account under the name of Carmen Hernández.

Counsel for plaintiff will proceed to provide notice to plaintiff of the fact such funds are available and ready to be disbursed once proper claim is presented to the Clerk of Court.

The Clerk of Court will proceed to provide plaintiff Carmen Hernández with similar notice at her last known address.

Banco de Santander is **ORDERED** to proceed to transfer such funds, now under its custody within the Global Settlement Account, to the custody of the Clerk of Court.

### 10. Amounts Consigned with the Clerk of Court

On December 23, 2003, Banco Santander, as previously ordered by the Honorable Robert J. Ward, proceeded to deposit with the Clerk of Court amounts payable to Attorney Nelson Rochet-Santoro and that represented the attorney's fees and reimbursable expenses that were to be paid by some individual plaintiffs. The amounts now deposited with the Clerk of Court total $280,198.00.

Civil No. 96-2443(JAF)                                                              Page No. 8

    Upon concluding the evaluation and reconciliation of individual plaintiffs' accounts, it was determined by Mr. Sigfredo Vélez, Vice President and Sub-Director Trust Division, Banco Santander, and CPA Sanchez-Moll that such amounts exceed those that should have been consigned. The variance was caused by then lacking information on total number of plaintiffs paid and percentage of the attorney's fees to be allocated per plaintiff.

    The excess payment totals $64,734.00.

    Accordingly, it is **RECOMMENDED** that the Clerk of Court be ordered to proceed and reimburse Banco de Santander the total sum of $64,734.00. This sum is to be deposited and allocated by Banco Santander in the accounts now under its custody for subsequent distribution to individual plaintiffs. Such deposits are to be made as per allocations identified in this Conference Report, specifically at "Attachment A."

    By September 10, 2004, this Court is to be provided with the final balances of all accounts under Banco de Santander's custody and control. A detailed report identifying cases, plaintiffs and amounts allocated to each plaintiff is to be submitted to the Court **not later than September 14, 2004**. Amounts to be disbursed to individual plaintiffs will be the ones depicted in said report.

    **SO ORDERED AND RECOMMENDED.**

    At San Juan, Puerto Rico, this 20th day of September, 2004.

                                            S/AIDA M. DELGADO-COLON
                                              U.S. Magistrate-Judge