IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RIO PIEDRAS EXPLOSION LITIGATION

CONSOLIDATED CASE NUMBER 96-2443 (RLW)

**EXHIBIT B**

SUPER PRECIOS JEWELRY, INC.

Plaintiff

Vs.

ENRON CORP., et al.

Defendants

THIS PLEADINGS CONCERN CIVIL ACTION NO. 97-1200

## MOTION REQUESTING THAT THE MONEY DEPOSITED WITH BANCO SANTANDER BE TURNED OVER TO THE TRUSTEE

TO THE HONORABLE COURT:

COMES NOW, JOHN A. ZERBE, Bankruptcy Trustee of the Estate of Super Precios Jewelry, Inc., herein represented by the undersigned attorney and very respectfully to this Honorable Court alleges shows and prays:

1. That Super Precios Jewelry, Inc. filed on October 21, 2002 a voluntary petition under Chapter 7 of the Bankruptcy Code. Said case is identified as Bankruptcy case number 2002-11239 (SEK).

2. That John A. Zerbe, was appointed Trustee in said bankruptcy case, and, as

Page 1 of 3

such, is the real party in interest.

3. As part of the settlement in this case, Super Precios Jewelry, Inc. was awarded the sum of $242,803.34. That after deducting various sums of money to be paid to different parties, Super Precios Jewelry, Inc. should have received the sum of $150,888.20.

4. That as per order dated May 5, 2003, the $150,888.20 mentioned above were deposited "to the Court Account at Banco Santander, established by Order dated February 13, 2002, which shall be administered pursuant to further order of the Court".

5. That the Trustee appearing herein respectfully requests that said amount, after deducting the corresponding amount for taxes, be paid to the bankruptcy estate of Super Precios Jewelry, Inc.

6. That the Trustee hereby respectfully requests that this Honorable Court enters an Order directing Banco Santander to issue a check for the net amount belonging to the estate and that any amount retained for taxes be deposited with the Treasury Department of the Commonwealth of Puerto Rico.

IN VIRTUE OF THE ABOVE, it is hereby respectfully requested that this Honorable Court enters an Order directing Banco Santander to issue a check payable to "John A. Zerbe, Trustee for the Estate of Super Precios Jewelry, Inc." for the net amount belonging to the estate and that any amount retained for taxes be deposited with the Treasury Department of the Commonwealth of Puerto Rico, as required by law.

In San Juan, Puerto Rico, this 4th day of December, 2003.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date a copy of this motion was sent via first class mail, postage pre-paid, the Office of the United States Trustee, Edificio Ochoa, Suite 301, #500 Tanca Street, San Juan, PR 00901-1922, to Melissa Silva, Trust Department, Banco Santander, PO Box 362589, San Juan, PR 00935-2589 and to CPA Héctor Sánchez Mall, 652 Muñoz Rivera Ave., Suite 3100, San Juan, PR 00918-4261.

ENRIQUE N. VELA COLON
USDC-PR #123101
Attorney for the Trustee
PO Box 363805
San Juan, PR 00936-3805
Tel. (787) 753-9220
Fax (787) 753-9229
E-mail: velacolone@microjuris.com

# RAUL DAVILA LAW OFFICES, L.L.P.
### ATTORNEYS AND COUNSELORS AT LAW

RAÚL DÁVILA-RIVERA, ESQ.
RAMÓN E. DÁVILA-CARLOS, ESQ.

251 TETUAN ST., SUITE 3-A
SAN JUAN PR 00901
TEL. (787) 723-0025
FAX (787) 725-5953

EMAIL: info@davilalaw.com

September 1st, 2004

Mr. Héctor M. Sánchez Moll
652 Muñoz Rivera Ave.
Suite 3100
San Juan PR 00918-4261

RE:   Carmen L. Pastrana
      Dominga Díaz Vélez and Felipe Trinidad Sánchez

Dear Mr. Sánchez Moll:

The $15,000.00 and $6,000.00 deposited in escrow in the above-captioned cases correspond to 15% of the settlements, which was retained to pay fees and expenses of the Plaintiffs Steering Committee. At that time, the Court had not determined the amount that each individual plaintiff would pay to the PSC for these concepts, so we decided to retain the full amount claimed by the PSC at the time.

These amounts should not be paid to the PSC right away because I know that at least Gabriel Peñagarícano, attorney for Carmen Pastrana is opposed to the PSC's participation in the fees, since this was the very first claim that was settled and the PSC had little or no participation at all in the proceedings.

I will be out of my office until Tuesday, September 8, 2004. If you need any additional information please call me after that date.

Cordially,

Raúl Dávila-Rivera

P.D. —Enclosures — Copy of checks issued in each case.
cc: Charles Cheek, Esq.